No. 01-690

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 167

BALYEAT COLLECTION PROFESSIONALS,
a Division of Collection Professionals, Inc.,

        Plaintiff and Respondent,

  v.

CLAUDIA GARLAND,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead,
                    Honorable Ted O. Lympus, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

                Edward P. Nolde, Snyder Law Office, Bigfork, Montana

        For Respondent:

                Andrew Pierce, Collection Professionals, Inc., Missoula, Montana


                    Submitted on Briefs:  February 28, 2002

                                Decided:  July 25, 2002

Filed:

           _____
                        Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Claudia Garland appeals from the Eleventh Judicial District Court, Flathead County, order granting summary judgment to Balyeat Collection Professionals (BCP). We reverse and remand.

¶2 Claudia raises four issues on appeal. However, because we find the following issue dispositive, we do not address the other issues raised.

¶3 Did the District Court err in granting summary judgment to BCP?

*Facts and Procedural Background*

¶4 Randolph and Claudia Garland were married and have two children. In April 1997, Randolph moved out of the family home. In May 1997, Claudia filed a petition for divorce and on May 30, 1997, the District Court issued a restraining order forbidding Randolph from coming within 500 feet of the family home.

¶5 Randolph received medical services from Kalispell Regional Medical Center (KRMC) in May and June of 1997. Randolph died on June 16, 1997. After his death, KRMC assigned the debt for Randolph's medical services to BCP for purposes of collection.

¶6 Claudia served as personal representative of Randolph's estate and claimed the family allowance as his surviving spouse. The only asset of the estate was a boat that Randolph had taken in payment for constructing a storage unit. Claudia sold the boat for approximately $7,000.00.

¶7 BCP filed this action against Claudia to recover the cost of Randolph's medical services. Claudia filed a motion to dismiss

2

under Rule 12(b), M.R.Civ.P., and the court held a hearing on the matter.  At the hearing, the District Court informed the parties that it would treat the motion as one for summary judgment. Supplemental briefs were submitted after the hearing, and the court issued an order granting BCP summary judgment.

¶8   Claudia then filed a motion to alter or amend the judgment, and the District Court denied that motion.  Claudia now appeals the court's summary judgment order as well as its denial of her motion to alter or amend.

*Discussion*

¶9   We review a summary judgment order *de novo* based on the same criteria applied by the district court.  *Thomas v. Northwestern Nat. Ins. Co.*, 1998 MT 343, ¶ 14, 292 Mont. 357, ¶ 14, 973 P.2d 804, ¶ 14.   Summary judgment is proper if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(c), M.R.Civ.P.

¶10  Generally, a spouse is not liable for debts incurred by the other spouse.  Section 40-2-106, MCA.  However, "expenses for necessaries of the family . . . are chargeable upon the property of both husband and wife."  Section 40-2-106, MCA.  "Necessary articles" is broadly defined to include:

> all such goods and services as are reasonably required to provide for the health, welfare, comfort, and education of the married person, his spouse, and minor children, taking into consideration the earnings, resources, and general standard of living of such persons.

3

Section 40-2-210, MCA.

¶11 When interpreting this statutory definition, this Court has also considered Black's Law Dictionary definition that necessaries include "things indispensable, or things proper and useful, for the sustenance of human life." *Missoula YWCA v. Bard*, 1999 MT 177, ¶ 14, 295 Mont. 260, ¶ 14, 983 P.2d 933, ¶ 14.

¶12 In the District Court, BCP argued that Randolph's medical expenses were "necessaries of the family," and therefore, under § 40-2-106, MCA, Claudia was responsible for the debt. Claudia argued that she was not responsible for the debt because she was legally separated from Randolph at the time he incurred the medical expenses and because Randolph had not supported the family during that time.

¶13 The District Court relied on our holding in *Bard* and concluded that the medical expenses were necessaries. Additionally, the court concluded that because Claudia acted as personal representative of Randolph's estate and received the family allowance as his surviving spouse, she was estopped from arguing in this case that she was not legally married to Randolph. Concluding that there were no factual disputes, the court entered judgment in favor of BCP.

¶14 On appeal, Claudia argues that § 40-2-104, MCA, is applicable here and provides an exception to the liability imposed in § 40-2-106, MCA. BCP argues that Claudia did not raise this statutory argument at the summary judgment hearing, therefore this Court should not address the issue on appeal.

4

¶15 Section 40-2-104, MCA, provides that,

> a married person abandoned by his spouse is not liable for the spouse's support until the spouse offers to return, unless the spouse was justified by the person's misconduct in abandoning him, nor is a married person liable for support of a spouse who is living separate from him by agreement, unless such support is stipulated in the agreement.

¶16 It is true that Claudia did not cite § 40-2-104, MCA, until she filed her motion to alter or amend. In response to this argument, the District Court noted, "the constructive abandonment which Defendant now claims as grounds for avoiding the medical expense were . . . testified to by Defendant. However, the Court chose to rely very little on that testimony."

¶17 In our *de novo* review of a district court ruling on summary judgment, we are not bound by the legal authority presented in the district court. *Thomas*, ¶ 22. The District Court noted that Claudia raised the issue of abandonment in her testimony. Additionally, we note that Claudia argued at the summary judgment hearing that she and Randolph were separated at the time he incurred the medical expenses at issue here. Although she argued they were "legally separated," rather than "living separate . . . by agreement," the issue of separation was clearly before the court. We conclude that the issues of abandonment and separation were raised in the District Court, and § 40-2-104, MCA, simply represents further legal support for those arguments.

¶18 Claudia does not argue on appeal that Randolph's medical expenses were not "necessaries of the family." They clearly fall within the definition of necessaries we articulated in *Bard.*

5

Rather, Claudia argues that § 40-2-104, MCA, provides an exception to the liability imposed by § 40-2-106, MCA, and that factual questions exist which preclude summary judgment.

¶19 We agree. Section 40-2-104, MCA, provides an exception to the liability imposed by § 40-2-106, MCA, if a spouse has been abandoned by the spouse incurring the debt or if the spouses are living separate by agreement. The District Court, citing *Caekaert v. State Fund* (1994), 268 Mont. 105, 115, 885 P.2d 495, 501 (stating that under the doctrine of judicial estoppel, we do not permit litigants to assert inconsistent and contradictory positions in separate litigation), concluded that Claudia's role as personal representative in Randolph's estate was impermissibly inconsistent with and contradictory to her argument in this case.

¶20 We disagree that Claudia's argument here is inconsistent with her role in Randolph's estate. Section 40-2-104, MCA, requires abandonment or separation by agreement to limit spousal liability. Section 72-3-502, MCA, which sets forth the priorities for appointment as personal representative for a deceased's estate, states only, "the surviving spouse of the decedent." There is nothing in that statutory framework that precludes an abandoned or separated spouse from acting as personal representative in the deceased spouse's estate.

¶21 We conclude that Claudia's role as personal representative for Randolph's estate does not preclude her from arguing here that Randolph abandoned her or that she and Randolph were living separate by agreement. Furthermore, we conclude that genuine

6

issues of material fact exist on the question of whether Randolph abandoned Claudia or, alternatively, whether they were living separate by agreement. These factual disputes precluded summary judgment.

¶22 In summary, we hold that § 40-2-104, MCA, provides an exception to the liability imposed on spouses in § 40-2-106, MCA. Additionally, we hold that there is a factual dispute in this case concerning abandonment or separation.

¶23 We remand to the District Court for further proceedings consistent with this opinion.


/S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ PATRICIA COTTER

/S/ JIM RICE


7

Justice Terry N. Trieweiler concurring and dissenting.

¶24   I agree with the majority's conclusions that § 40-2-104, MCA, provides an exception to the requirement at § 40-2-106, MCA, that a spouse be responsible for another spouse's medical expenses, and that Claudia's reliance on § 40-2-104, MCA, is not inconsistent with her position as personal representative of her deceased husband's estate.

¶25   However, I dissent from the majority's conclusion that there are genuine issues of material fact regarding the application of § 40-2-104, MCA, and from its remand to the District Court for further proceedings to resolve that factual issue.

¶26   Even the Respondent, Balyeat Collection Professionals, concedes there are no factual issues to be resolved by the District Court.  On page five of its brief, BCT states, "In this case, however, the parties agree the material facts are undisputed. . . .  Therefore, the Court's review in this appeal may be confined to the District Court's conclusions of law."

¶27   Based on the undisputed facts, I would conclude as a matter of law that the Appellant, Claudia Garland, was entitled to summary judgment dismissing the Plaintiff's complaint with prejudice.

¶28   Section 40-2-104, MCA, provides that a married person abandoned by his or her spouse or living apart from that spouse by agreement is not liable for the spouse's support.  The undisputed facts are that Claudia's husband, Randolph, left the

8

family home in April 1997 before incurring the medical expenses which are at issue. He left $30 on the table but never returned to the home, and provided no further support to his family from then until the time of his death. In May 1997, Claudia petitioned for divorce or a legal separation and on May 30, 1997, Randolph was restrained from returning to the family home. Only one day of services were provided by Kalispell Regional Medical Center in May 1997. However, they were provided after Randolph left his family without providing for their support.

¶29 None of these facts are disputed. Based on these facts, the District Court can arrive at only one conclusion-that is that Claudia and her children were either abandoned by Randolph or Claudia and Randolph were separated by agreement. Under either circumstance, Claudia was not responsible to pay Kalispell Regional Hospital the $32,496 it claims for services incurred after that separation.

¶30 The result in this case is simply common sense. In fact, during several occasions during Randolph's hospitalization while Claudia was taking his children or his father to visit him, she was asked by hospital personnel to sign paperwork authorizing his admission. On each occasion she refused to do so. It was apparently logical to her that she had no obligation to guarantee payment for services provided to the husband who had left her even without the benefit of understanding § 40-2-104, MCA. Having reviewed § 40-2-104, MCA, it should be at least as clear to this Court.

¶31   For these reasons, I concur with and dissent from the majority Opinion.

/S/ TERRY N. TRIEWEILER